FRANK M. SIMONTON, PLAINTIFF IN ERROR, VS. THE
   STATE OF FLORIDA *ex rel.* SOLON B. TURMAN, DE-
   FENDANT IN ERROR.

1.  Under the provisions of section 1272 Revised Statutes a final
    judgment in *quo warranto* proceedings, adjudicating the title
    to an office as between relator and the respondent, in favor of
    the relator can be superseded, and in such a case a super-
    sedeas bond is properly conditioned that binds the obligors
    therein "to pay all damages and costs that the relator may
    sustain in the event such judgment be affirmed."

2.  A supersedeas in *quo warranto* proceedings operates to sus-
    pend further action under or relative to the judgment therein.
    It will relate to the status of the parties as existing at
    the time it becomes operative, even to the extent of prevent-
    ing contempt proceedings to punish a party for not surrender-
    ing an office, on a judgment of ouster, held at the time the
    supersedeas becomes operative.

The judgment of the Circuit Court of affirmed.

Writ of error to the Circuit Court for Hillsborough
County.

The facts of the case are stated in the opinion of the
court.

*Barron Phillips, Geo. G. Clough, A. W. Cockrell &
Son* and *R. W. Williams,* for Plaintiff in Error.

*Hugh C. Macfarlane* and *John P. Wall,* for Defend-
ant in Error.

PER CURIAM.

On the application of Solon B. Turman he was
authorized by the Attorney-General to institute proceed-
ings by information in the nature of *quo warranto* in the

name of the Attorney-General of the State of Florida, against Frank M. Simonton to test his right and title to the office of solicitor of the Criminal Court of Record for Hillsborough county upon condition that the State should not incur any cost in the proceedings. Thereupon leave to file the information in the nature of *quo warranto* was applied for and the Judge of the Sixth Judicial Circuit, in which the application was made, duly entered of record his disqualification to act in the matter.

The Judge of the Fifth Judicial Circuit, to whom the application was presented, entered a rule against the plaintiff in error to show cause why the information should not be filed, and proceedings thereafter had in the cause resulted in a judgment of ouster rendered on the twenty-second day of August, 1901, against him by the Judge of the Second Circuit on demurrer to pleas filed to the information.

The information alleges the use, exercise and usurpation of the office of Solicitor of the Criminal Court of Record for Hillsborough county by respondent, Frank M. Simonton, and that the relator, Solon B. Turman, had been duly appointed to said office, and, after qualifying and being commissioned by the Governor, had exercised the duties of the office from the eighth day of June, 1899, to the twenty-seventh day of April, 1901, and that he is entitled to said office and to perform the functions hereof for four years from the date of his commission, which was on the eighth day of June, 1899.

The judgment rendered on the demurrer adjudges that relator, Solon B. Turman, was entitled to use, hold and exercise the office of Solicitor of the Criminal Court of Record for Hillsborough county for four years from the eighth day of June, 1899, and that respondent, Frank

M. Simonton, was guilty of usurping, holding, exercising and receiving the emoluments of the same. It is further adjudged that respondent was thereby excluded from said office, and that he forthwith yield and deliver it up to relator, Solon B. Turman. Immediately after this judgment, and bearing the same date with it, the following entry of record appears over the signature of the Judge, viz: "The foregoing order is now made to be entered and become effectual at the same time with the filing of the writ of error by the respondent to the Supreme Court, and upon the giving and filing by the respondent of a supersedeas bond with two good and sufficient sureties, or a surety company under the laws of this State, to be approved by the clerk of the Circuit Court of the Sixth Judicial Circuit, in and for Hillsborough county, said bond to be payable to the relator in the sum of eight thousand dollars, and conditioned to pay all damages and costs that the relator may sustain in the event said judgment be affirmed; Whereupon said writ of error shall operate as a supersedeas and the clerk shall so endorse said writ of error; said foregoing order, however, is thus suspended for ten days only from this date."

The judgment was filed in the office of the Circuit Clerk for Hillsborough county on the twenty-fourth day of August, 1901, and a writ of error bearing same date was sued out to the judgment, returnable to the January term, A. D. 1902, of this court. On the same day a bond in compliance with the order of the court was filed and approved by the clerk.

A transcript of the record in the cause has been filed in this court and a motion made to vacate the supersedeas on substantially the following grounds: 1. There was no final judgment rendered and entered in the cause from which the writ of error issued will lie.

2.   In the judgment rendered, it being simply one of ouster, there is nothing upon which a supersedeas can operate.

3.   The bond given under the special order of the court is not made payable to the adverse party as contemplated by the statute in such cases, and the conditions of said bond are not sufficient to protect the State of Florida or the relator.

It is not contended that the Circuit Judge had no power to conditionally suspend the operation of the judgment rendered by him for ten days, and we have no doubt as to the final character of it.   It was rendered upon sustaining a demurrer of relator to pleas of respondent, and finally disposed of the issues and contentions of the parties. Nothing further was to be done by the Judge to judicially declare respondent not entitled to the office and to adjudge relator rightfully entitled to it.

The principal contention in the case is that there is nothing that can be superseded in a judgment rendered in a *quo warranto* proceeding simply ousting one person from an office and adjudging another entitled thereto. By statute it is provided that "all proceedings to procure review by an appellate court of the proceedings of a lower court in cases at law shall be by writ of error, except in cases where *certiorari* or prohibition shall lie, or where it shall be otherwise expressly provided."   Section 1262 Rev. Stats.   Writs of error lie only from final judgments except as specified in section 1267.   Section 1263 Rev. Stats.   "All writs of error shall be tested in the name of the Chief-Justice of the Supreme Court, and shall issue on demand as matter of right," &c.   Section 1270 Rev. Stats.   By section 1265 it is provided that all orders and judgments of courts of this State made and passed

in any cause therein wherein said courts shall sustain or shall refuse to sustain any demurrer, shall and may be assigned for matter and cause of error upon any writ of error from the final judgment in said cause taken to the appellate court, and the said court shall hear and determine the matter so assigned for error in the same manner and under the like rules and regulations as in other cases.

*Quo warranto* proceedings are at law, and there can be no doubt that a writ of error can under our statutes, be sued out to a final judgment rendered therein. This is not questioned by movant. In reference to supersedeases the following section is found in our statutory revision, *viz*: "1272. When to operate as a supersedeas.— 1. As of course. Every writ of error shall operate as a *supersedeas* if sued out during the session of court at which the judgment was rendered, or within thirty days thereafter, if, within said time, the plaintiff in error, if he be the plaintiff in the court below, shall have paid all costs which have accrued in and about said suit up to the time when the writ shall be issued, and shall have filed a bond payable to defendant, with two good and sufficient obligors to be approved by the judge or clerk of the court below, in a sum sufficient to cover all costs which may accrue in the prosecution of the writ, conditioned to pay the said costs if the judgment of the court below shall be affirmed; or if he be a party in the court below against whom a judgment has been given, shall have filed a bond payable to the adverse party with like obligors and approved in like manner as the bond hereinbefore required of the plaintiff, and if the judgment be a money judgment in a sum sufficient to cover the amount for which the judgment was given together with costs, conditioned to pay the amount of the judgment with interests and costs, if the

same shall be affirmed by the appellate court, but if the judgment is in whole or in part other than a money judgment, the amount and condition of the bond shall be determined by the court below. 2. Upon special order. No writ of error except as above shall operate as a *supersedeas* unless by the special order of the appellate court or some judge thereof, made upon inspecting a copy of the record, and upon the plaintiff in error paying the costs and filing the bond required in the preceding paragraph. When such order is made and security given as aforesaid, the clerk, or the judge if there be no clerk, shall endorse on such writ of error that it shall be a *supesedeas;* and the said writ and endorsement shall be obeyed as such, suspending all such further proceedings in relation to said judgment, in and by the officers of the said court below." This section is sufficiently broad and comprehensive to embrace writs of error to final judgments in *quo warranto* proceedings, and we find nothing in any provision of our statutes to exempt such cases from its operation. Section 1783, under the head of *quo warranto*, in reference to the conclusive character of judgments rendered between parties before the court does not, in our judgment, have such effect, and no other section has any tendency to accomplish such result. It is the rule in this court that a supersedeas to a judgment at law does not annul or undo it but only suspends further proceedings in relation thereto and such is declared to be its effect in the second division of section 1272 under orders of supercedeas granted by a Justice of the Supreme Court. In cases where the judgment is in whole or in part other than a money judgment, the amount and condition of the supersedeas bond shall be determined by the lower court. This provision allows sufficient latitude to adjust the conditions of supersedeas

bonds to *quo warranto* judgments, and it cannot be said that the damages resulting to a successful claimant to an office are such as not to come within the terms of such conditions. The supersedeas in *quo warranto* proceedings can operate to suspend further action under or relative to the judgment, and there is nothing in our statutes to indicate that it should not have such effect. It will relate to the status of the parties as existing at the time the writ becomes operative, and such has been declared to be its effect by the Supreme Court of the United States, even to the extent of preventing contempt proceedings to punish a party for not surrendering an office, on a judgment of ouster, held at the time the supersedeas becomes operative. Wilson v. North Carolina, 169 U. S. 586, 18 Sup. Ct. Rep. 435, and cases therein cited. Some courts hold to a different view, but under our statutes it appears to us that the correct view is announced by the Federal Supreme Court, and we follow it.

The writ of error on this case was sued out within thirty days after the rendition of the judgment, and required no order of the judge to make it a supersedeas to the judgment. It was other than a money judgment, and the amount and condition of the supersedeas bond could and should have been fixed by the trial judge. The order made in the case is a sufficient compliance with the statute in this respect, and conceding that an order fixing the conditions of the bond is subject to our review, we think the conditions prescribed in the present case sufficiently protects the only party who has been adjudged to have any pecuniary interest in maintaining the judgment rendered. The State alleged in her information that Solon B. Turman was entitled to the office and the emoluments thereof, and the court so decided. The judge thought the

conditions prescribed were sufficient to suspend further
proceeding under the judgment, and we see no ground
for disturbing his order in this respect.

The motion to vacate the supersedeas must, there-
fore, be denied, and it is so ordered.